BEFORE THE FIRST DIVISION, FEBRUARY 13, 1952

**No. 56374.**—Mon Fong Wo Co. and Tuck High & Co. *v.* United States, protests 77447–K and 15893–K (New York).

Opinion by OLIVER, C. J.   It was stipulated that the merchandise consists of celluloid chopsticks composed of synthetic resin similar in all material respects to those the subject of Abstract 54617.   The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 56375.**—The Kopf Manufacturing Co., Inc. *v.* United States, protests 177024–K and 177455–K (New York).

Opinion by MOLLISON, J.   In accordance with stipulation of counsel that the merchandise consists of parts of saddles, which saddles are in part of pigskin and valued at more than $40 each, similar in all material respects to those the subject of Abstract 54419, the claim of the plaintiff was sustained.

**No. 56376.**—Cohen & Mann et al. *v.* United States, protests 140223–K, etc. (New York).

Opinion by MOLLISON, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, FEBRUARY 13, 1952

**No. 56377.**—Dadourian Export Corp. *v.* United States, protest 174056–K (New York).

Opinion by LAWRENCE, J.   It was stipulated that certain items of the merchandise consist of articles of which metal is the component material of chief value, other than ores or concentrates or crude metal, which were to be used in remanufacture by melting, and that they have been used in remanufacture by melting.   An examination of the papers disclosed that affidavits have been filed in accordance with regulations prescribed by the Secretary of the Treasury pursuant to Public Law 869, *supra.*   Upon the record presented, it was held that the merchandise comes within the provisions of Public Law 869, *supra*, and is properly entitled to free entry.